**UNITED STATES of America,**
**Appellee,**

v.

**Jorge ALVAREZ, Francisco**
**Paulino, Defendants,**

**Ramon A. Peres, Defendant–Appellant.**

**No. 06–1273–cr.**

United States Court of Appeals,
Second Circuit.

June 7, 2007.

David Touger, Peluso & Touger LLP, New York, NY, for Defendant–Appellant.

John J. O'Donnell and Daniel L. Stein, Assistant United States Attorney of counsel, for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: Hon. ROGER J. MINER, and Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. J. GARVAN MURTHA,* District Judge.

---

* The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

## SUMMARY ORDER

Defendant-appellant Ramon A. Peres appeals from a final judgment of the United States District Court for the Southern District of New York (Kram, *J.*) sentencing Peres to a term of imprisonment of 20 months to run consecutively to an undischarged term of imprisonment imposed by a Pennsylvania state court. We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

We review sentences imposed after *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), for reasonableness. *United States v. Mejia*, 461 F.3d 158, 162 (2d Cir.2006). Reasonableness review "involves consideration not only of the sentence itself, but also of the procedures employed in arriving at the sentence." *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir.2006).

Under United States Sentencing Guideline § 5G1.3, a sentence "may be imposed to run concurrently, partially concurrently, or consecutively to [a] prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." Peres argues that this Guideline provided the district court with discretion to impose a concurrent sentence and that the district court abused its discretion by failing to do so. The government argues that the statute under which Peres was convicted, 18 U.S.C. § 3146(b)(2), requires that his sentence be imposed to run consecutively to his Pennsylvania state sentence.

It is unnecessary for the purposes of this appeal to resolve this question. *See United States v. Kalady*, 941 F.2d 1090, 1097–98 (10th Cir.1991) (declining to reach the question of whether Section 3146(b)(2) precluded the district court from imposing a concurrent sentence where the district court imposed a consecutive sentence). Even assuming that the district court had discretion to do otherwise, we would review its decision under § 5G1.3(c) to impose a consecutive sentence for abuse of discretion. *See United States v. Brennan*, 395 F.3d 59, 66 (2d Cir.2005). Peres has failed to establish an abuse of discretion in this regard, or that the sentence was otherwise unreasonable.

Accordingly, the sentence of the district court is **AFFIRMED**.